Follett, J.
Calvin’s term of office as sheriff expired January 2d, 1867, and he had retained the note and mortgage in his possession, and received the money paid thereon January 29th, 1867.
The statute then in force — S. & C., p. 897, sec. 10 — read: “And the said money dr securities shall be distributed and paid by order of said court to and amongst the several parties entitled to receive the same, in lieu of their respective parts and proportions of said real estate or estates, according to their just rights and proportions.” It is not claimed that any other party had • any right to or interest in this money or securities. And the money or securities have not been distributed and paid to the defendants in error, who were found to be the parties entitled to receive the same. It is seen by the answer of Calvin that the court did not order this money or securities to be paid to O. & E. T. Brown ; and as attorneys they had no authority to receive any part of the last payment.' The services required of them had ceased, and by order of the Court they had been paid out of other funds. Their receipt from Calvin, on January 30th, 1867, of money paid from them to Calvin, was no distribution or payment to the defendants in *614 error, who were the parties entitled to receive the proceeds of the land thus sold in partition.
The original action was by defendants in error against Richard Calvin, late sheriff of Hamilton County, Ohio, to the form of which action no objection was made in the court below, and now it is too late. The omission of a specific order of court to pay this money or hand the securities to the proper parties, was fully provided for by the statute directing the same to “ be distributed and paid” * * * “ to and amongst the several parties entitled to receive the same.”
The case of Preston v. Compton, 30 Ohio St. 299, is not like this casé. The defendants in error can stand npon their own rights, and they can hold the plaintiff in error liable for the money so received for them by him, whether he obtained it rightfully or wrongfully as sheriff, or after his term of office expired.
The case of Brobst v. Skillen, 16 Ohio St. 382, sustains this conclusion.
There was no error in the district court, and the judgment is affirmed, with costs.